**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANDREW W. WOODS, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| vs. | ) | No. 17-cv-04339 |
| | ) | |
| AMAZON.COM, LLC, a Delaware Corporation; | ) | |
| DUKE REALTY LIMITED PARTNERSHIP, an | ) | |
| Indiana Partnership; and STEEL KING | ) | |
| INDUSTRIES, INC., a Wisconsin Corporation, | ) | |
| | ) | |
| *Defendants.* | ) | |
| _____ | ) | |
| AMAZON.COM, LLC, a Delaware Corporation; | ) | |
| DUKE REALTY SERVICES, LLC, an Indiana | ) | |
| Corporation; and STEEL KING INDUSTRIES, a | ) | |
| Wisconsin Corporation, | ) | |
| | ) | |
| *Third Party Plaintiffs,* | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LAKESIDE RACK INSTALLERS, INC., | ) | |
| a Michigan Corporation. | ) | |
| | ) | |
| *Third Party Defendant.* | ) | |

## THIRD PARTY DEFENDANT, LAKESIDE RACK INSTALLERS, INC.'S AMENDED MOTION FOR GOOD FAITH FINDING UNDER THE ILLINOIS JOINT TORTFEASORS CONTRIBUTION ACT AND MOTION TO DISMISS THIRD-PARTY COMPLAINTS

NOW COMES the Third-Party Defendant, LAKESIDE RACK INSTALLERS, INC. (hereinafter referred to as "Lakeside"), by and through its attorneys, Knell O'Connor & Danielewicz, and for its Amended Motion for Good Faith Finding and Motion to Dismiss all pending Third Party Complaints, states as follows:

1.      This lawsuit arises out of an accident on May 15, 2017 in which two employees of Lakeside, Andrew Woods and Michael Johnson, were injured while working at the Amazon Warehouse Project in Aurora, Illinois.

2.      Plaintiff, Andrew Woods filed suit against Steel King Industries, Amazon.com LCC, and Duke Realty Services, LLC.

3.      Steel King Industries, Amazon.com LCC, and Duke Realty Services, LLC each filed a Third-Party Complaint against Lakeside.

4.      Lakeside previously filed a Motion for Good Faith Finding based upon a settlement reached with the Plaintiff, Andrew Woods (R. 393, Motion). On August 7th, 2019 this Court entered an order denying Lakeside Rack Installers, Inc. Motion for Good Faith Finding and dismissal of the pending Third-Party Complaints (R. 409, Order). In denying the motion, this Court noted that Lakeside had not produced a valid settlement agreement and further that there were suggestions in the briefs that the settlement with the Plaintiff had not been finalized (R.409, Order at 4-6).

5.      Attached hereto as Exhibit A is a fully executed settlement agreement entered into between the Plaintiff Andrew Woods, Lakeside, and Lakeside's Workers' Compensation carrier, Accident Fund. Lakeside Rack Installers, Inc. through its Workers' Compensation carrier, Accident Fund has agreed to pay Andrew Woods the sum of $325,000, waive its entire Workers' Compensation lien which as of August 8, 2019 totaled $306,669.86, and fund the Medicare Set Aside of $160,964.92 attached to the settlement agreement. In exchange, Andrew Woods agreed to release Lakeside from all tort liability in this pending matter and settle his pending Workers Compensation claim against Lakeside for the lump sum of $1.

6.      The attached settlement agreement entered into between Andrew Woods, Lakeside, and Accident Fund is a valid settlement contract supported by an offer, acceptance, and consideration.

7.      "[W]hether a settlement satisfies the good-faith requirement as contemplated by the Contribution Act is a matter left to the discretion of the trial court based upon the court's consideration of the totality of the circumstances." *Antonicelli v. Rodriguez*, 2018 IL 121943, ¶ 23-24.

8.      "The settling parties have the initial burden of making a preliminary showing of good faith under the Contribution Act. This initial burden is met with proof of a legally valid settlement agreement." *Id.*

9.      "The non-settling defendants must then prove the absence of good faith by a preponderance of the evidence." *Id.* "The burden of proving the absence of good faith is on the party challenging the settlement." *Id.* There is no "single precise formula for determining what constitutes 'good faith' within the meaning of the Contribution Act that would be applicable in every case." *Id.* "If it is shown, however, that the settlement parties engaged in wrongful conduct, collusion, or fraud, a settlement will not be found to be made in good faith." *Id.*

10.     The Illinois Supreme Court noted that the determination of whether a settlement was made in good-faith is left to the trial court's discretion, and there is not a "single precise formula" for determining what constitutes good faith. *Id.* The Illinois Supreme Court has also reasoned that a trial court can make a good faith finding without a "precise determination of the overall damages suffered by the plaintiff and the settling tortfeasors proportionate liability." *Id.* Recognizing the broad discretion afforded to the trial court, the Illinois Supreme Court has concluded that the rights of a non-settling defendant under 735 ILCS 5/2-1117 do not need to be considered before making a finding of good faith pursuant to the Contribution Act. *Id.*

11.     Within the State of Illinois, there is a "strong public policy" favoring the peaceful settling of a claim. *In re Guardianship of Babb,* 162 Ill.2d 153, 642 N.E.2d 1195, 1199 (1994). Moreover, the Illinois Contribution Among Joint Tortfeasors Act provides that when a release or covenant not to sue is given in good faith, the party who settles with such a claimant is discharged from all liability for any contribution to any other tortfeasor. 740 ILCS 100/2 (c) and (d).

12.     The attached settlement agreement between Andrew Woods, his employer Lakeside, and Accident Fund has been made in good faith and all matters in controversy amongst Lakeside and Plaintiff, Andrew Woods, have been fully compromised and settled. The Third-Party Complaints filed against Lakeside Rack Installers, Inc. should be dismissed with prejudice.

        WHEREFORE, Third-Party Defendant, LAKESIDE RACK INSTALLERS, INC. respectfully requests this Honorable Court enter an order as follows:

        a.  A finding that Lakeside Rack Installers, Inc.'s settlement with Andrew Woods is fair and reasonable and in good faith under 740 ILCS 100/2; and

        b.  Dismissing with prejudice all Third-Party Complaints pending against Lakeside Rack Installers, Inc. in this matter.

                                LAKESIDE RACK INSTALLERS, INC.

                        By: _____
                                KNELL O'CONNOR DANIELEWICZ

**KNELL O'CONNOR DANIELEWICZ**
John J. O'Connor
901 W. Jackson Blvd, Suite 301
Chicago, IL 60607
P:   312.277.3000
F:   312.277.3008
E:   joconnor@knelloconnor.com
ARDC No.:   6192922